1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| SREAM, INC, a California corporation, | Case No. 5:13-cv-02197-VAP-SP |
| Plaintiff, | **STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST FOUR ACES WHOLESALE, CORP.** |
| v. | |
| SUN KYUNG CHO d/b/a CIGARETTE DEPOT; DADDY'S SMOKE SHOP, INC., a California corporation; FOUR ACES WHOLESALE, CORP., a California Corporation; and DOES 1-10 INCLUSIVE, | |
| Defendants. | |

---

**[PROPOSED] STIPLATED FINAL JUDGMENT AND PERMANENT INJUNCTION**

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A. Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Four Aces Wholesale Corp. ("Four Aces"), alleging that Four Aces violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B. The Parties entered into a settlement agreement as of late January 2014 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. That judgment be entered in favor of Sream against Four Aces on all claims.

2. For the purposes of binding preclusive effect on Four Aces as to future disputes with respect to the Action or Settlement Agreement between Four Aces on the one hand and Sream on the other hand, and only for such purposes, Four Aces admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

   b. Since at least 2011, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

   c. Four Aces, by the actions described in the complaint, has infringed upon the RooR Marks.

3. Four Aces, and those on Four Aces's behalf, including their owners, shareholders, principals, officers, agents, servants, employees, independent contractors,

and partners, are permanently enjoined from using the term "Sream" and confusingly similar terms (collectively, the "Injunction").

4. Four Aces is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

5. This Court (or if this Court is unavailable, any court within the Central District of California) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final judgment, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

6. The Parties waive any rights to appeal this stipulated judgment, including without limitation the Injunction.

IT IS SO ORDERED.

Dated: _March 06, 2014_____

_____
United States District Court Judge